UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Donald J. Strable**, | ) | **C/A No. 6:06-1400-RBH-WMC** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **Republic of the Philippine Islands**, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

# *Background of this Case*

The plaintiff is a resident of Gray Court, South Carolina.  Information

disclosed in the plaintiff's prior cases indicate that he is a citizen of the United

Kingdom.  The plaintiff has brought suit against the Republic of the Philippine

Islands, which has impounded a 1995 Toyota Tercel.  The motor vehicle has

been impounded there since 2004, when the plaintiff shipped it to the

Philippine Islands.  The impoundment is the result of the non-payment of a

duty or import tax on the motor vehicle in the amount of 101,872.71 Philippine

pesos, which according to the plaintiff equals approximately $1,820 United

States Dollars.  The plaintiff contends that no duty or import tax is owed on the motor vehicle.  The plaintiff demands a jury trial and seeks one million five hundred thousand dollars ($1,500,000) in damages.

# *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595

-------------------

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  This court is required to construe *pro se* complaints and petitions liberally.  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.

---

[2]<u>Boyce</u> has been held by some authorities to have been abrogated in part, on other grounds, by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)(insofar as <u>Neitzke</u> establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, supra, 147 F.3d at 352.  *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

4

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The above-captioned case is barred by the Foreign Sovereign Immunities Act of 1976 (as amended). *See*, *e.g.*, Butters v. Vance International, Inc., 225 F.3d 462, 2000 U.S.App. LEXIS® 22883 (4th Cir.

2000); Hirsh v. State of Israel and State of Germany, 962 F. Supp. 377, 378-385, 1997 U.S.Dist. LEXIS® 4406 (S.D.N.Y. 1997), *affirmed*, 133 F.3d 907, 1997 U.S.App. LEXIS® 36435 (2nd Cir., December 31, 1997), *cert. denied sub nom.*, Berkowitz v. Israel, 523 U.S. 1062, 140 L.Ed.2d 651, 118 S.Ct. 1392, 1998 U.S. LEXIS® 2359 (1998).  Furthermore, the Alien Tort Statute, 28 U.S.C. § 1350, does not provide a basis for the exercise of jurisdiction over a foreign sovereign.  Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 102 L.Ed.2d 818, 109 S.Ct. 683, 1989 U.S. LEXIS® 581 (1989).  Moreover, the Congress eliminated diversity jurisdiction against a foreign state in 1976.  Hirsh v. State of Israel and State of Germany, supra, 962 F. Supp. at 379 & n. 3.

The plaintiff's claims have also been addressed in a prior civil action. *See* pleadings filed by the plaintiff in Donald Strable v. Republic of the Philippine Islands, Civil Action No. 6:05-2927-TLW-WMC.  In a Report and Recommendation filed in Civil Action No. 6:05-2927-TLW-WMC on October 26, 2005, the undersigned recommended summary dismissal of the case.  The pertinent portions of the Report and Recommendation in Civil Action No. 6:05-2927-TLW-WMC are quoted herein:

> This is a civil action filed *pro se* by a South Carolina resident.  Plaintiff seeks to recover $18,000 from the Republic of the Philippine Islands because

6

a car that Plaintiff allegedly had shipped to his wife in the Republic of the Philippine Islands has not been released from the port in Manila where the car has allegedly been held since August 2004. Plaintiff claims that the car "must be considered a total loss ...," and seeks damages from the government of the Republic of the Philippine Islands or injunctive relief in the form of "delivery free of any duty whatsoever to plaintiffs Legaspi City [Philippines] address, undamaged." Plaintiff attaches documents to his Complaint showing that the car arrived at the Port of Manila in August 2004, and, according to Plaintiff's allegations, the car has been continuously held in the port by the Republic of the Philippine Islands since that time.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Complaint filed in this case is frivolous and subject to summary dismissal without the issuance of service of process because Plaintiff has not provided any facts that would support a finding that his claim against the sovereign nation of the Republic of the Philippine Islands falls within one of the limited exceptions under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605, to the general rule of sovereign immunity. Foreign states are generally immune from the jurisdiction of federal and state courts. *See* 28 U.S.C. § 1604; *see also* The Schooner Exchange v. McFaddon, 11 U.S. (7 Cranch) 116, 136, 3 L.Ed. 287 (1812). The FSIA, however, creates a number

7

of exceptions to this immunity. *See* 28 U.S.C. § 1605. Plaintiff has not specifically alleged any exception to the doctrine of sovereign immunity in his Complaint, and, as a result, under the rule of liberal construction of *pro se* pleadings, the undersigned has reviewed the provisions of the FSIA in order to determine whether the facts alleged are such that one or more of the exceptions to sovereign immunity might be applicable in this case.

There is no allegation that Plaintiff has been harmed by the commercial activities of the Republic of the Philippine Islands, thus the "commercial activities" exception, 28 U.S.C. § 1605(a)(2) does not apply in this case. *See* National City Bank of N.Y. v. Republic of China, 348 U.S. 356, 358-59 (1955); Principality of Monaco v. Mississippi, 292 U.S. 313, 325 (1934). Nor are there allegations of commercial activity involving property taken by the Republic of the Philippine Islands in violation of international law, § 1605(a)(3), or of torture, hostage taking, or terrorist actions on behalf of the foreign government causing Plaintiffs' alleged damages. *See* § 1605(a)(7). Instead, on review, the FSIA exception that seems most closely relevant to the claim asserted against the Republic of the Philippine Islands by Plaintiff in this case provides that:

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--
> ....
> (5) ... in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, *occurring in the United States* and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; ....

28 U.S.C. § 1605(a)(5)(emphasis added). Furthermore, even if the provisions of that particular subsection are satisfied, there is still an "exception" to that particular exception as follows:

 . . . except this paragraph shall not apply to–

> (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

> (B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .

8

Id.

However, it is clear under the allegations contained in Plaintiff's Complaint that the FSIA tortious-conduct exception to sovereign immunity is not applicable to the facts represented in this case. The actions or inactions by the foreign nation (the Republic of the Philippine Islands) which Plaintiff claims have caused him damages clearly occurred in the Philippines, not in the United States. Furthermore, according to Plaintiff, he suffered the loss of use of his vehicle in the Philippine Islands because the car has not been released from the Port of Manila. Under the non-commercial tort provisions of the FSIA, tortious actions by a foreign government or its agents resulting in damage or loss such as that claimed by Plaintiff must occur "in the United States." 28 U.S.C. § 1605(a)(5). As a result, the sole named Defendant is entitled to immunity from the claims made in this case and, therefore, this Court is without subject matter jurisdiction over Plaintiff's Complaint. *See* Persinger v. Islamic Republic of Iran , 729 F2d 835, 839-40 (D.C. Cir. 1984); Asociacion de Reclamantes v. United Mexican States , 735 F2d 1517, 1524-25 (D.C. Cir. 1984); English v. Thorne, 676 F.Supp. 761, 763-74 (S.D. Miss.1987).

Moreover, even if Defendant's allegedly tortious activities had occurred within the United States and had caused Plaintiff injury in the United States, Plaintiff would still be unable to rely on the FSIA tortious-conduct exception in this case because the decision of a government whether or not to release shipped property into its territory could only be termed a "discretionary" act. Such discretionary acts by a government are explicitly excepted from the tortious-conduct exception under the FSIA. *See* 28 U.S.C. § 1605(a)(5)(A); English v. Thorne, 676 F.Supp. at 763 ("[T]he United States Supreme Court has found 'discretion' to mean more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operation. Where there is room for policy judgment and decision there is discretion.").

Accordingly, Plaintiff fails to state a viable claim for relief against the Republic of the Philippine Islands that falls within this Court's subject matter jurisdiction under 28 U.S.C. § 1330 because the facts alleged do not fall within any of the FSIA exceptions to the general rule of sovereign immunity.

## Recommendation

Since February 1, 1999, all *pro se* pleadings have been screened by the United States Magistrate Judges in this district, notwithstanding payment of the full filing fee. This case is frivolous because there is no federal jurisdiction over Plaintiff's claim, and it should be summarily dismissed. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966) Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; *see also* In Re Prison Litigation Reform

Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should
also be screened).  Plaintiff's attention is directed to the important notice on
the following page.

(Report and Recommendation [Entry No. 5] in Civil Action No.
6:05-2927-TLW-WMC, at pages 1-6 [footnotes omitted]).

The plaintiff was apprised of his right to file timely written objections to
the Report and Recommendation in Civil Action No. 6:05-2927-TLW-WMC
and of the serious consequences of a failure to do so.  On November 2, 2005,
the plaintiff filed objections (Entry No. 6 in Civil Action No.
6:05-2927-TLW-WMC) to the Report and Recommendation.  The plaintiff's
objections and his motion for judgment on the pleadings in Civil Action No.
6:05-2927-TLW-WMC are pending before the District Court.

In the above-captioned case (Civil Action No. 6:06-1400-TLW-WMC),
this federal court may take judicial notice of Civil Action No.
6:05-2927-TLW-WMC.  Aloe Creme Laboratories, Inc. v. Francine Co., 425
F.2d 1295, 1296 (5th Cir. 1970).  *See also* Colonial Penn Ins. Co. v. Coil, 887
F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that
'the most frequent use of judicial notice is in noticing the content of court
records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570,
572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit

with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal for the same reasons the complaint filed in Civil Action No. 6:05-2927-TLW-WMC is subject to summary dismissal.  *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.

# *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra;

Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" § 1915(d)].  *See also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").  The plaintiff's attention is directed to the Notice on the next page.


June 1, 2006                             s/William M. Catoe
Greenville, South Carolina               United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The **Serious Consequences** of a Failure to Do So

The plaintiff is, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

13